**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BERGER OH, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-1773** |
| **ROBERT M. DOMINY** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Insufficient Service of Process (Doc. 10). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

On June 16, 2026, Plaintiff Berger OH, LLC filed an action in state court seeking payment from Defendant Robert M. Dominy under a Guaranty Agreement in which he guaranteed the indebtedness of Chasseur Realty Investors-The Flats, LP ("Chasseur"). Specifically, Plaintiff seeks nearly $900,000 from Defendant because Chasseur defaulted on a loan that it used to

purchase a property in Texas. Defendant removed the matter to this Court on the basis of diversity jurisdiction.

Defendant now moves to dismiss this matter, arguing that he did not receive proper service of process. Plaintiff opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process."[1] A Rule 12(b)(5) challenge contests the manner in which process was served.[2] "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."[3] That said, "if the plaintiff meets the burden of showing proper service," such as a signed return of service, "the burden shifts to the defendant to present strong and convincing proof of insufficient service."[4] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[5]

## LAW AND ANALYSIS

"Where service took place prior to removal, the Court applies state law to assess the validity of the underlying service."[6] Defendant argues that he was

---

[1] FED. R. CIV. P. 12(b)(5).
[2] *Id.*
[3] Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).
[4] Windecker v. Hang Wei, No. 1:18-CV-00898-LY, 2020 WL 248689, at *1 (W.D. Tex. Jan. 16, 2020), *report and recommendation adopted*, No. 1:18-CV-898-LY, 2020 WL 10058228 (W.D. Tex. Jan. 31, 2020) (citing People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011)).
[5] Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016).
[6] Smith v. Fortenberry, No. CV 24-1647, 2024 WL 4462332, at *5 (E.D. La. Oct. 10, 2024).

not properly served with Plaintiff's state court action under Louisiana's Long Arm Statute. Louisiana Long Arm Statute allows service on a non-resident by certified mail or actual delivery to the defendant by commercial courier.[7] Plaintiff attempted service on Defendant via FedEx, a commercial courier, at a residential address in New Jersey ("the New Jersey residence"). The FedEx receipt shows delivery at the New Jersey residence to "M.Domini" on July 14, 2026. The receipt does not include a signature of the recipient. Defendant contends that he was not in New Jersey on July 14, 2026 and that service was therefore not actually delivered to him by a commercial carrier in compliance with Louisiana's Long Arm Statute. Defendant presents an affidavit attesting that he was in Georgia on the date in question and that his wife found the package containing the petition at the New Jersey residence. He contends that while he does own the New Jersey residence where service was attempted, it has not been his primary residence in more than five years.

Because Defendant contests service, Plaintiff bears the burden of proving proper service. To meet its burden, Plaintiff presents evidence connecting Defendant to the New Jersey residence, including a recorded deed, tax assessor records, an IRS lien, a bankruptcy filing, and a church website. Plaintiff also presents an affidavit by Plaintiff's counsel confirming that service was delivered to the New Jersey residence by a commercial carrier.[8] However, Defendant does not contest that he owns or at one time resided at the New

[7] LA. REV. STAT. § 13:3204.

[8] Plaintiff relies on Louisiana Revised Statutes § 13:3205 in arguing that the affidavit of service acts as proof of service. However, § 13:3205 addresses proof of service in the context of default judgments.

Jersey residence or that the delivery was left there. Rather, he argues that he was not personally served there.

In support of actual delivery, Plaintiff presents only the unsigned FedEx receipt. The FedEx receipt states that the delivery was "Signed for by: M.Domini" but no signature is present, and the receipt also states that "no signature is currently available for this shipment."[9] Plaintiff also points out that Defendant's Notice of Removal states that he "received a copy of the Petition on July 14, 2026"—the same day service was made on the New Jersey residence.

Pursuant to the Louisiana Long Arm Statute, actual delivery is a requirement for commercial courier service. In addition, a "commercial courier" is defined by the statute as an entity "having as its primary purpose the delivery of letters and parcels of any type, and which . . . [a]cquires a *signed* receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery."[10] Accordingly, courts have held that a signature is "a requirement for commercial courier service under the long-arm statute."[11] Plaintiff does not have a signature from Defendant proving delivery and has not presented any other evidence that service was actually delivered to Defendant. Accordingly, Plaintiff has failed to carry its burden to show proper service of process. "Personal jurisdiction over a nonresident obtained by use of

---

[9] Doc. 1-1 at 25.
[10] La. Rev. Stat. § 13:3204(D)(1).
[11] Walker v. Dupart, No. CV 20-2193, 2021 WL 2930728, at *4 (E.D. La. July 12, 2021).

the long-arm statute may not attach if the service of process falls short of La. R.S. 13:3204's requirements."[12]

Because Plaintiff's attempts at service were insufficient, its claim against Defendant is subject to dismissal. Rule 4(m) of the Federal Rules provides as follows:[13]

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[14]

"To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[15] Even in the absence of good cause, however, the Court has discretion to extend the time for service.[16]

Plaintiff has not set forth any basis for this Court to find good cause for its failure to properly serve Defendant. That said, where, as here, "there is a 'reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' the proper course of action is to quash service and allow the plaintiff

---

[12] 1900 St. Ann LLC v. Williams, 410 So. 3d 271, 276 (La. App. 5 Cir. 2024).

[13] "These rules apply to a civil action after it is removed from a state court." FED. R. CIV. P. 81.

[14] FED. R. CIV. P. 4(m).

[15] Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotation omitted).

[16] Yarbrough v. Swift, Civil Action No. 18-10093, 2019 WL 2027173, at *5 (E.D. La. May 8, 2019).

another opportunity to effectuate service, as opposed to dismissing the case."[17] Accordingly, this Court will exercise its discretion to extend the time for service. Service attempted after removal is governed by the Federal Rules of Civil Procedure.[18]

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**, and Plaintiff shall have 30 days from this Order to properly effect service on Defendant. Failure to do so will result in dismissal without prejudice.

New Orleans, Louisiana this 4nd day of November, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[17] Williams v. Zordan, No. CV 21-1061, 2023 WL 6451111, at *7 (W.D. La. Sept. 29, 2023) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1354 (3d ed.)).

[18] 28 U.S.C. § 1448.